UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

EASTERN DIVISION

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA,<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>)<br>) | FILE NO.<br><br>_____ |
| Plaintiff, | )<br>) | |
| v. | )<br>) | |
| JDCI, INC. d/b/a DAVIES CONTRACTING, INC.,<br>and JOHN DAVIES, an individual, | )<br>) | **C O M P L A I N T** |
| Defendants. | ) | **(Injunctive Relief Sought)** |

Plaintiff R. Alexander Acosta, Secretary of Labor, United States Department of Labor ("Plaintiff") brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217, to have Defendants JDCI, Inc. d/b/a Davies Contracting and John Davies (hereinafter referred to "Defendants") enjoined from violating the provisions §§ 7 and 11 of the Act; and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid overtime compensation, together with an equal amount as liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

II

Defendant, JDCI, Inc. d/b/a Davies Contracting ("Davies Contracting"), at all times hereinafter mentioned, has been a corporation having a place of business and doing business in Morehead City, Carteret County, North Carolina.

III

Defendant John Davies at all times hereinafter mentioned acted directly or indirectly in the interest of the aforesaid corporation Defendant Davies Contracting in relation to its employees, therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).  During the pertinent period, Defendant Davies has served as President of Defendant Davies Contracting.  Defendant Davies retains hiring and firing authority over employees of Defendant Davies Contracting.  Defendant Davies exercises managerial control over Defendant Davies Contracting and makes financial decisions, including setting employee pay rates, on behalf of Defendant Davies Contracting.

III

At all times hereinafter mentioned:

A. Defendants, engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r).  Defendants are engaged in the common business purpose of providing home inspection, construction, and remodeling services; and

B. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

Since July 6, 2015, Defendants repeatedly violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed. Specifically, during the pertinent period, Defendants have employed employees in roles including laborers, technicians, drywall finishers, electricians, plumbers, and painters. Defendants' time and attendance records confirm these employees routinely work over 48 hours in a single workweek. Biweekly payroll records show that these employees regularly worked over 100 hours – some even over 150 hours – in a two-week pay period. Defendants' payroll records similarly confirm that these employees received the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

V.

Since July 6, 2015, Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations. Specifically, Defendants have failed to maintain records of hours worked by salaried employees. Defendants' records also deduct a half hour break for lunch regardless of whether the employees actually took the break deducted.

VI.

Defendants and Plaintiff entered into a tolling agreement whereby the parties agreed that the statute of limitations set forth at § 6 of the Portal-to-Portal Act, 29 U.S.C. § 255, would be tolled in this matter beginning on July 6, 2018. The tolling agreement expires on May 10, 2019. Therefore the statute is tolled for that period of time.

VII.

WHEREFORE, cause having been shown, Plaintiff prays for Judgment:

A. Pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 7 and 11(c) of the Act;

B. Pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of three years prior to the commencement of this action and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial);

C. And for such other and further relief as may be necessary and appropriate including costs of this action.

Respectfully submitted this 10th day of May, 2019.

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
(678) 237-0613
(404) 302-5438 (FAX)

KATE S. O'SCANNLAIN
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT L. WALTER
Counsel

By: /s/Kristin R. Murphy
KRISTIN R. MURPHY
Attorney


Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiffs